Raphael DeHaven, Plaintiff, Defendant in Error, v. United States Brewing Company et al., Defendants, William Tobin et al., Plaintiffs in Error.

## Gen. No. 14,901.

1. DRAM-SHOP ACT—*what evidence not incompetent. Held,* that notes and chattel mortgages were competent as tending to show the straits to which the family of the intoxicant were reduced.

2. EVIDENCE—*how cause for discharge established.* If a person has been discharged and knows the cause of such discharge, he is competent to testify thereto.

3. VERDICTS—*what does not vitiate sealed verdict.* It is not error for the court to receive a verdict of a jury even though they may have been allowed to separate after they had signed and sealed it, if when the jury reappeared in court at the hour of its convening, such verdict is read and the jury is polled and acknowledge that such verdict is their verdict.

Action for damages under Dram-Shop Act. Error to the Muncipal Court of Chicago; the Hon. HARRY OLSON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Affirmed. Opinion filed February 15, 1910.

JOHN J. SWENIE, for plaintiffs in error; T. F. MONAHAN, of counsel.

CARL A. Ross, for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

Raphael DeHaven, a minor, by his next friend, recovered a judgment against Wiliam Tobin and David McHale, defendants, in the Municipal Court of Chicago for damages under section 9 of the Dram-Shop Act, for $908.33, which the defendants by this writ of error seek to reverse.

From the record it appears that the plaintiff, Raphael DeHaven, was born February 19, 1904, and that he lived with his father and mother and five brothers and sisters in Chicago until the action was brought on September 11, 1907. During this same period the defendants, plaintiffs in error, conducted two saloons at 748 and 752 Ogden avenue, respectively, about two blocks from plaintiff's residence. The action was brought originally against four defendants. On the first trial a verdict of not guilty was returned as to two of the defendants, and a verdict of $600 was returned against plaintiffs in error. A new trial was granted as to the plaintiffs in error, and on the second trial the verdict and judgment under review resulted.

By the amended statement of claim filed before the second trial damages were claimed for injury to plaintiff's person and means of support for three and one-half years through the intoxication of his father, Henry L. DeHaven, caused in whole or in part by intoxicating liquors sold or given to him by the defendants.

The evidence shows that Henry L. DeHaven, the father of the plaintiff, was a capable railroad switchman during the period covered by the statement of claim, and that he earned in that employment, when he had a position with several railroads, a salary of $100 per month and sometimes more; that during that period he habitually obtained intoxicating liquors at the saloons of the defendants, sometimes daily for a

considerable time, and at other times three or four times a week. He was habitually drunk, and sometimes he was drunk on duty from liquor obtained in whole or in part from the defendants. He was discharged from the service of several railroads because of his drinking habits, and was compelled to work at other employments at reduced rates of wages.

We think the evidence shows that the defendants knew that Henry L. DeHaven was an habitual drunkard when they sold or gave him intoxicating liquors, and that notices and warnings not to sell him liquors were given to both defendants, to which they gave no heed or attention.

The jury were warranted by the evidence in finding that in consequence directly of the defendants furnishing DeHaven with intoxicating liquors, the plaintiff, as a dependent member of DeHaven's family, suffered damages in his person and means of support.

We think the verdict is not against the weight of the evidence, nor is it excessive as against either of the defendants. The record shows that two verdicts have been rendered in this case against these defendants. We think a jury could not, as reasonable men, under the law and the evidence, find the issues in favor of the defendants.

It is urged that the court erred in admitting evidence relating to certain documents shown the witnesses Henry L. DeHaven and Mrs. DeHaven and the receipt of money on the papers and what was done with it. The papers themselves do not appear from the record to have been admitted in evidence. They were apparently used by the witnesses to refresh their memories as to the dates of borrowing money by DeHaven and what was done with the money so borrowed. It is claimed that some of the papers were notes and chattel mortgages, and that they were exhibited to the witnesses in the presence of the jury, and that they were influenced against the defendants by the sight of the papers, although they were not

read in the hearing of the jury. We find no material·
error in the rulings of the court. The evidence was
competent on the question of damages, for it tended
to show to what condition the family of DeHaven was
reduced by his drunkenness, caused in part if not
wholly by the liquors sold or given to him by defend-
ants.

The evidence of Henry L. DeHaven to the effect
that he was discharged from the service of the Pere
Marquette Railroad because he was drunk on duty,
was competent. The objection that it was not the best
evidence is not sound. If he knew the reason, he
could testify to it as well as the officers of the com-
pany. He was in any event no less competent to tes-
tify to what was said in discharging him.

We have considered the instructions given to the
jury and the objections to them by the defendants,
and we are of the opinion that the instructions were
in accord with the law of the case. The rights of the
defendants were fully protected by the instructions
given.

It is contended that the court erred in receiving the
verdict because the jury were allowed to separate
after they had signed and sealed their verdict and
before it was returned into court, without the consent
of the parties or leave of court. When the jury re-
appeared in court, at the hour of convening court,
their verdict was read and the jury were polled, and
the verdict was then entered of record. In C. C. C. & St.
L. Ry. Co. v. Monaghan, 140 Ill. 474, where substanti-
ally the same thing occurred, the court held that it
was a grave irregularity, but in the absence of proof
that any of the jurors had been tampered with, it was
not a sufficient ground for a new trial. It does not ap-
pear in this case that any of the jurors were improp-
erly approached in any way in regard to their verdict
in this case, or that they had conversed with any per-
son about the case during the time they were sepa-
rated. The court did not err in receiving the verdict

or denying the motion for a new trial because of the irregularity.

The judgment is affirmed.

*Affirmed.*